IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR REEVE** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 17-4220** |
| v. | : | |
| | : | |
| **JAMEY LUTHER,** *et al.* | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 7th day of August 2018, upon consideration of the *pro se* petition for writ of habeas corpus filed by Petitioner Omar Reeve ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1], the response in opposition filed by Respondents, [ECF 9], the state court record, the *Report and Recommendation* (the "R&R") issued on May 15, 2018, by the Honorable Jacob P. Hart, United States Magistrate Judge ("the Magistrate Judge"), [ECF 10], which recommended that the Petition be denied, and Petitioner's *pro se* objections to the R&R, [ECF 14], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] In his *habeas corpus* petition, Petitioner claimed that the trial court: (1) allowed the conflict of interest between him and counsel to occur; (2) forced counsel to proceed after counsel requested to be removed; (3) abused its discretion by fabricating his testimony in the court's opinion; (4) gave the jury an erroneous consciousness of guilt instruction; (5) erred in denying Petitioner's mistrial motion; (6) erred in denying Petitioner's request for a continuance; and (7) violated Petitioner's federal and state constitutional right of self-representation. Petitioner also claims that his constitutional right to due process was violated in that the evidence at trial was insufficient to prove the elements of each crime of which he was convicted, and that counsel was ineffective.

In the objections to the thoroughly well-reasoned, twenty-one page R&R, Petitioner simply reiterates the same arguments of trial error, due process right violations and ineffective assistance of counsel made in the Petition without specifying or identifying the error(s) allegedly committed by the Magistrate Judge. [ECF 14]; *see* Local Rule 72.1(IV)(b) (requiring that written objections to reports and recommendations "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."). It is apparent that Petitioner's objections are an attempt to re-litigate the various arguments raised in his Petition, without identifying what specific alleged errors were made by the Magistrate Judge. In its *de novo* review of the Petition, R&R, objections, and state court record, this Court finds that the

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Magistrate Judge thoroughly reviewed each of Petitioner's *habeas* claims, and correctly concluded that Petitioner's claims were either procedurally defaulted or without merit and that no error was committed by the Magistrate Judge in the analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved in its entirety, and Petitioner's objections are overruled.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.